Shauck, J.
The first contention of counsel for the plaintiff in error is that the indictment is fatally defective because it does not aver either that Mary W. is, or that she is not, the sister or daughter of the accused. In support of that view they rely on Howard v. The State, 11 Ohio St., 328. It was there held that the crime of having “carnal knowledge of a daughter or sister forcibly and against her will, ’ as defined in the fourth section of the act of March 7, 1835 (S. & C. Stat., 404), and the crime of having “carnal knowledge of any other woman or female child than his daughter or sister, as aforesaid forcibly and against her will,” as defined in the fifth section of the same act, where distinct crimes, and not merely distinct grades of the same crime, and that in charging the latter crime, it was essential for the indictment to state that the woman or female *7 child upon whom the offense was charged to have been committed was not the daughter or sister of the accused. The report contains only the conclusions of the court, but we suppose thejr were supported by the view that the indictment must con-, tain a complete description of-the offense, each of the sections referred to containing' a complete description of an offense and providing a penalty therefor.
But the statute governing the present case is found in sections 6816 and 6817 of the Revised Statutes. Section 6816 is as follows: “Whoever has carnal knowledge of a female person forcibly and against her will; or being' eighteen years of age, carnally knows and abuses a female child under fourteen years of age with her consent, is guilty of rape. ’ ’ The crime described in the latter clause of the section is that described in this indictment. To hold that the indictment must either aver or negative the supposed kinship, would be to add to the requirements of the statute. The case cited can have no application to the present case, because of the chang'e in the statutory description of the offense.
But counsel further contend that since the former of the sections referred to contains no penalty, and since for the purpose of ascertaining the penalty appropriate to the crime, reference must be had to section 6817, the same difficulty is met as in the former statute. Section 6817 provides : “A person convicted of rape upon his daughter, or sister, or a female child under twelve years of age, shall be imprisoned in the penitentiary during life; and a person convicted of rape upon - any other female shall be imprisoned in the 'penitentiary not more than twenty nor less than three years. ’ ’ The latter section contains no definition of the crime, but *8 each of its clauses adopts the definition of the previous section. To the imposition of the severer penalty provided in the first clause of the latter section it is necessary that there be either the kinship or the age' of less than twelve years. To the proposition that no sentence could have been imposed, upon a plea of guilty to this indictment it is a sufficient answer that notwithstanding the omission from the indictment of either of the circumstances justifying the severer penalty provided by the first clause of section 6817. it contains the general description of the crime for which the penalty is provided'in the second clause of the latter section; that is, upon one “convicted of rape upon any other female. ”
Under the present statute there are distinct grades of the same crime. We do not agree with counsel for the state that upon a plea of guilty to an indictment of this character, the court might hear evidence to enable it to determine whether the penalty of the first clause of section 6817 or that of the second clause would be appropriate. For, upon the question of kinship or age, contemplated by the former clause, the defendant would be entitled to the verdict of a jury. In that case the affirmative averment of kinship or age would be necessary. In this case no negative averment is necessary, because without it there is a complete description of an offense for which the penalty imposed in this case is provided.
On the trial, the mother of the child was permitted to testify in answer to questions by counsel for the state and against the objections of the accused, that after the commission of the alleged offense and before the arrest she went to the residence of Jones and, not finding him at-home, inquired of his *9 wife .concerning him; that Mrs. Jones told.her where he was, and then declared to her in substance that if the friends of the child did not send him to the penitentiary she would. If the belief of Mrs. Jones in the guilt or innocence of her husband were material, that declaration, if made, would have'justified the inference that she believed him guilty, though it would have been, impossible to learn the sources or character of the information upon which her belief was founded. But as the object of the trial was to ascertain whether competent evidence would create such belief in the minds of the jurors, her belief was not only irrelevant, but prejudicial.
It is said by counsel for the state that if the court erred in admitting this portion of the mother’s testimony, the error was cured by the testimony of Mrs. Jones that she did not make such declaration. But the incompetent evidence introduced an irrelevant inquiry, and in prosecuting that inquiry the jury may have believed either witness.
The state having offered evidence tending to show that the child was under fourteen years of age at the date of the alleged offense, the defendant offered evidence tending to show that she was then more than fourteen years of age. Thereupon, her father being upon the stand and having a memorandum of the dates of. the births of his children, the memorandum having been made by himself from memory a few months before the trial, was permitted to testify that it appeared from the memorandum that Mary was born January 3,1881. This paper had no quality which entitled it to consideration as substantive evidence. The witness had been permitted to testify fully as to his recol *10 lection of the date of her birth, and his recollection at another time was not corroborative.
For errors in the admission of evidence the judgments of the circuit court and court of common pleas ewe rever sed.